BEFORE' THE THIRD DIVISION, JULY 17, 1946

**No. 51247.**—Petition 6437–R of F. G. Jackson (Laredo).

Opinion by CLINE, J. At the trial the petitioner testified that when the entry was appraised, he was assessed the sum of $77.84; that he appealed to reappraisement but abandoned the same on the advice of the prosecuting attorney, with the understanding that he might file an application for a refund. The official papers indicated that petitioner's only error was in calculation, no undervaluation existing. It was found that the petitioner, in making the entry in this case, acted without intention to misrepresent the facts or to defraud the revenue of the United States or to deceive the appraiser as to the value of the goods. The petition was therefore granted.

BEFORE THE THIRD DIVISION, JULY 18, 1946

**No. 51248.**—Protest 83707–K of Jack Finkelstein (New York).

Opinion by CLINE, J. It was stipulated that the merchandise consist of mushroom flour the same in all material respects as that the subject of *Martel Food Corp.* v. *United States* (15 Cust. Ct. 109, C. D. 954). In accordance therewith the claim at 35 percent under paragraph 775 was sustained.

**No. 51249.**—Protests 89852–K, etc., of Raphael H. Elmaleh Corp. et al. (New York).

Opinion by KEEFE, J. It was stipulated that certain items of the merchandise consist of cheese similar in all material respects to that the subject of *Scaramelli* v. *United States* (9 Cust. Ct. 270, C. D. 706), Abstract 42146, and Abstract 48269. In accordance therewith it was held that an allowance of 2½ percent should have been made in the weight of the cheese by the collector in computing the duty thereon to compensate for the weight of the inedible coverings on the outside of the cheese. The protests were sustained to this extent.

**No. 51250.**—Protests 92093–K, etc., of Italian Importing Corp. et al. (New York).

Opinion by KEEFE, J. In accordance with stipulation of counsel and following the decisions cited the following allowances were made to compensate for the weight of the inedible substance on the outside of the cheese: (1) 2½ percent for the cheese similar in all material respects to that the subject of *Scaramelli* v. *United States* (9 Cust. Ct. 270, C. D. 706), Abstract 42146, and Abstract 48269; and (2) 1 percent for the cheese similar to the Reggiano cheese the subject of *Scaramelli* v. *United States, supra.* The protests were sustained to this extent.

**No. 51251.**—Protests 121869–K, etc., of A. & S. Bianco Co. et al. (New York).

Opinion by KEEFE, J. In accordance with stipulation of counsel and following the decisions cited the following allowances were made to compensate for the weight of the inedible substance on the outside of the cheese: (1) 2½ percent for the cheese similar in all material respects to that the subject of *Scaramelli* v. *United States* (9 Cust. Ct. 270, C. D. 706), Abstract 42146, and Abstract 48269; and (2) 1 percent for the cheese, similar to the Reggiano cheese the subject of *Scaramelli* v. *United States, supra.* The protests were sustained to this extent.

**No. 51252.**—Protest 112089–K of Loucraft Corp. (Minneapolis).

Opinion by KEEFE, J. At the trial it was stipulated that the merchandise and issues herein are similar in all material respects to those involved in *United States* v. *Somerset* (33 C. C. P. A. 138, C. A. D. 328); that a quantity of liquor amounting to 10 percent or more of the total contents of barrel No. 2364 was lost in transit from the port of exportation to the port of destination, due to breakage, leakage, or damage; and that said loss appears from the gauger's return verified by a timely affidavit of the importer. In accordance therewith it was held that an allowance should have been made for the loss appearing upon the gauger's return as verified by the affidavit of the importer. The protest was sustained to this extent.

JULY 17, 1946

**No. 51253.**—SUIT 4530.——*United States* v. *Canada Dry Ginger Ale, Inc.* reversed May 7, 1946. C. A. D. 337.

BEFORE THE THIRD DIVISION, JULY 24, 1946

**No. 51254.**—Protests 38994–K/89547, etc., of American Express Co. et al. (Chicago).

Opinion by EKWALL, J. In accordance with stipulation of counsel the court found that the facts herein agreed upon were such as to bring the case within the holding in *John Barr* v. *United States* (11 Cust. Ct. 88, C. D. 801) which record was incorporated herein. (See *John Barr* v. *United States*, 324 U. S. 83.) In accordance therewith it was held that the currency of the invoices should be converted at the buying rate in the New York market at noon on the day of exportation (the "free" rate of exchange for pounds sterling), as certified by the Federal Reserve bank and set forth by the collector on each of the entries. The protests were sustained to this extent.

JULY 24, 1946

**No. 51255.**—SUIT 4536.— & *Sons* v. *United States.* C. D. 957. Appeal dismissed by stipulation on May 29, 1946.